IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>KIMBERLY MIKESELL,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:03-CR-178-DAK<br><br>Honorable Dale A. Kimball |

      This matter is before the court on Defendant Kimberly Mikesell's Motion for Early Termination of Supervised Release. On February 5, 2004, Ms. Mikesell pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On August 23, 2004, the court sentenced Ms. Mikesell to 168 months of incarceration followed by a term of supervised release of 60 months.

      On January 9, 2017, the court received a request from Ms. Mikesell for early termination of her supervised release. At that point, Ms. Mikesell had completed just over one year of her five-year term of supervised release. On January 24, 2017, in response to an Order to Respond from the court, the United States stated that it has no objection to Ms. Mikesell's request for early termination of her supervised release.

      Under 18 U.S.C. § 3583(e), a court may terminate the term of supervised release prior to the completion of the entire term of a defendant who has completed at least one year of supervised release if the court is satisfied such action is (1) warranted by the conduct of the offender and (2) in the interest of justice. See 18 U.S.C. § 3583(e)(1). In making this

determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3583(e). The factors under § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense . . . .

18 U.S.C. § 3553(a).

In terms of the history and characteristics of the defendant, Ms. Mikesell assumed responsibility for her part in the conspiracy to distribute methamphetamine in her Statement in Advance of Plea of Guilty. Ms. Mikesell has also completely complied with the terms of her supervised release, including paying all fines and testing negative for drug use in each of her tests. She currently has a job, which she has maintained successfully for about one year.

Even though Ms. Mikesell has assumed responsibility for her crimes and has complied with the terms of her supervised release, the offense committed by Ms. Mikesell is serious. However, the court concludes that the sentence imposed on Ms. Mikesell was sufficient to reflect the seriousness of her offense and to adequately deter similar criminal conduct by Ms. Mikesell or others. Ms. Mikesell has already served her entire term of incarceration and over one year of her five years of supervised release. The court concludes that, at this point in her sentence, early termination of his supervised release will not significantly reduce the reflection of the seriousness of her crime or the deterrent effect that her sentence produced.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release is GRANTED.

DATED this 25th day of January, 2017.

BY THE COURT:

*Dale A. Kimball*
DALE A. KIMBALL
United States District Judge